UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA

        Plaintiff/Respondent,

    v.

SUNDEEP DHARNI,

        Defendant/Petitioner.

_____/

NO. CR. 2:05-306 WBS

ORDER RE: MOTION FOR RELEASE
PENDING APPEAL

----oo0oo----

      Defendant Sundeep Dharni previously filed a motion to
vacate, set aside, or correct his sentence pursuant to 28 U.S.C.
§ 2255.  In a reasoned decision, Judge Garcia[1] denied defendant's
§ 2255 motion and defendant appealed.  Defendant now seeks
release on bail pending his appeal.

      Federal Rule of Appellate Procedure 23 "governs the
issue of the release or detention of a prisoner, state or
federal, who is collaterally attacking his or her criminal

---

[1]    This case was reassigned to the undersigned due to
Judge Garcia's retirement.

1

conviction." United States v. Mett, 41 F.3d 1281, 1282 (9th Cir. 1994). Rule 23(b) provides, "[w]hile a decision not to release a prisoner is under review, the court or judge rendering the decision . . . may order that the prisoner be . . . released on personal recognizance, with or without surety." Fed. R. App. Proc. 23(b)(3). "In the habeas context, [the Ninth Circuit] has reserved bail for 'extraordinary cases involving special circumstances or a high probability of success.'" Mett, 41 F.3d at 1282 (quoting Land v. Deeds, 878 F.2d 318, 318 (9th Cir. 1989)).

Defendant contends he is entitled to release pending his appeal of the order denying his § 2255 motion because he has a high probability of prevailing on his claim that the closure of the courtroom during jury selection violated his Sixth Amendment right to a public trial and that his trial counsel's failure to object to the closure and his appellate counsel's failure to raise the alleged violation on direct appeal violated his Sixth Amendment right to effective assistance of counsel.

In Presley v. Georgia, 558 U.S. 209 (2010), the Supreme Court held that the Sixth Amendment right to a public trial extends to jury voir dire. Presley, 558 U.S. 209, 130 S.Ct. 721, 723-24. In denying defendant's § 2255 motion, Judge Garcia concluded that defendant could not rely on Presley because that case was decided three years after defendant's trial and the Court did not indicate that the decision should apply retroactively on collateral review. (See Mar. 31, 2011 Order at 3-4 (Docket No. 150).)

While other lower district courts have adopted a view

similar to that expressed by Judge Garcia in his Order, (see id. at 4:4-9 (citing four district court decisions from outside the Ninth Circuit)), the Ninth Circuit has applied the holding from Presley to a trial that occurred over a decade before Presley. In United States v. Withers, 638 F.3d 1055 (9th Cir. 2011), the defendant brought a § 2255 motion based on the trial court's closure of the courtroom during voir dire for his 1998 trial. Citing Presley, the Ninth Circuit stated, "The Sixth Amendment guarantees a defendant the right to a public trial, which includes a right to have the public present during voir dire." Withers, 638 F.3d at 1063. It therefore seems unlikely that defendant's § 2255 motion will fail simply because Presley was decided three years after his trial.[2]

Nonetheless, the exclusion of the public during voir dire violates the Sixth Amendment only if the district court "totally closes the courtroom to the public, for a non-trivial duration, without first complying with the four requirements established by the Supreme Court's Press-Enterprise and Waller decisions." Id.[3] "'To determine whether a closure was too

---

[2] The majority in Presley also suggested that its holding that a defendant's Sixth Amendment right to a public trial extends to voir dire was well settled at the time the Court decided Presley. See Presley, 130 S.Ct. at 723-24 (concluding that "it is so well settled that the Sixth Amendment right extends to jury voir dire that th[e] Court may proceed by summary disposition"); id. at 726 (arguing that prior cases did not "expressly answer[] the question" and thus the majority should not have disposed of the case summarily) (Thomas, J., dissenting).

[3] The four requirements from Press-Enterprise Co. v. Superior Court, 464 U.S. 501 (1984), and Waller v. Georgia, 467 U.S. 39 (1984), are:

1  trivial to implicate the Sixth Amendment guarantee, [the court]

2  must determine whether the closure involved the values that the

3  right to a public trial serves.'" United States v. Rivera, 682

4  F.3d 1223, 1229 (9th Cir. 2012) (quoting United States v.

5  Ivester, 316 F.3d 955, 960 (9th Cir. 2003)). "Those values . . .

6  include: ensuring fair proceedings; reminding the prosecutor and

7  judge of their grave responsibilities; discouraging perjury; and

8  encouraging witnesses to come forward." Id. "The third and

9  fourth values . . . are not implicated by voir dire because no

10 witnesses testified." Gibbons v. Savage, 555 F.3d 112, 121 (2d

11 Cir. 2009).

12         Judge Garcia relied on Gibbons in concluding that the

13 closure of the courtroom during voir dire in this case was

14 trivial. In Gibbons, jury selection lasted "several days" and

15 the district judge closed the courtroom only for the first

16 afternoon. Gibbons, 555 F.3d at 114. After that afternoon, the

17 courtroom was reopened because the dismissal of potential jurors

18 had provided for additional seating. Id. at 114-15. In

19

20         "[1] [T]he party seeking to close the hearing must
           advance an overriding interest that is likely to be
21         prejudiced, [2] the closure must be no broader than
           necessary to protect that interest, [3] the trial court
22         must consider reasonable alternatives to closing the
           proceeding, and [4] it must make findings adequate to
23         support the closure."

24 Presley, 130 S.Ct. at 724 (quoting Waller, 467 U.S. at 48)
   (second alteration in original). With respect to the third
25 requirement, the Court has explained that the trial court must
   consider alternatives to closure even if the parties fail to
26 suggest alternatives. Id. at 724. Here, nothing in the record
   suggests that Judge Garcia considered reasonable alternatives to
27 closing the courtroom during voir dire, such as utilizing the
   courthouse's larger courtroom or "dividing the jury venire panel
28 to reduce courtroom congestion," id. at 725.

4

concluding that the closure for a single afternoon of a several
day voir dire was trivial, the Second Circuit explained that no
prospective jurors were excused without the consent of both
parties, no peremptory challenges or objections were made, and
the defendant's mother would not have been able to watch "a
significant portion of what occurred during that afternoon
session" because the judge had conducted private interviews of
some jurors.  Id. at 121.

Most recently, in United States v. Santos, Nos.
09-10332, 09-10334, 09-10335, 09-10374, 2012 WL 6599339 (9th Cir.
Dec. 18, 2012), the Ninth Circuit concluded that the defendants
could not prevail in establishing a Sixth Amendment violation
because they  failed to make "the requisite showing of an
affirmative courtroom closure for a non-trivial duration."
Santos, 2012 WL 6599339, at *2.  The court emphasized that the
"closure occurred not because of an affirmative court order, but
because the large pool of prospective jurors occupied every
available seat in the small courtroom, at least during the first
day of voir dire."  Id.  The court also found it significant that
the closure was limited to jury selection, "which occurred over
the afternoon of one day and the morning of the next."  Id.

Based on the circumstances in Santos, the Ninth Circuit
found that "nothing in the record suggest[ed] that closure led to
any unfairness in the jury selection or deviation from
established procedures, affected the public interest in the
administration of justice, or somehow made the jurors less
attuned to their sense of responsibility or the importance of
their function."  Id. at *1.  The court concluded that the

defendants had "not met their burden of demonstrating that the closure was non-trivial." Id. at *2. Judge Smith, however, disagreed with the majority, stating, "A courtroom closure that lasts for the entire jury selection process cannot be deemed trivial." Id. at *3 (Smith, J., concurring in part and dissenting in part).

Here, Judge Garcia had convened "a larger than usual" panel of prospective jurors for defendant's trial because the trial was scheduled to commence before and continue beyond the July 4 holiday. (Mar. 31, 2011 Order at 2:15-17.) In asking members of the public to exit the courtroom because the jury panel necessitated use of the available seating, Judge Garcia explained the reason for the closure and indicated that the public could re-enter once seats became available:

> "As soon as the jury comes up, I'm going to ask all family members to go out in the hall. We need every seat in the audience section of the courtroom as we called in extra jurors because of the vacation problem. So that during jury selection, all of the family and friends of the defendant and any other spectators that are out there will wait out in the hall during jury selection until seats open up."

(Id. at 2:18-22 (quoting Reporters Transcript Vol. 1 at 18).) Jury selection was completed in less than one-and-a-half hours and neither party made any objections during the process, but both parties exercised peremptory challenges. (Id. at 5:1-11.) While the closure was initiated by the judge, it was limited to the duration of a relatively quick voir dire in which there were "no significant developments." (Id. at 5:10-11.)

In this matter, a highly respected and experienced trial judge concluded that "[j]ury selection in the instant case

6

consisted of routine jury administrative matters that had no bearing on defendant's ultimate guilt or innocence" and was "too trivial to warrant relief." (Id. at 5:16-18, 6:2-4.) Although defendant's present attorney makes a forceful argument to the contrary, this court cannot find that defendant's argument has a "high probability of success" on appeal. See Mett, 41 F.3d at 1282. In the final analysis, whether defendant is entitled to the relief sought is a fact specific question to which neither Gibbons nor Santos provides a definitive answer. At best, defendant's attorney has demonstrated that reasonable minds can differ on the question.

Because this court cannot conclude that defendant has demonstrated a high probability of establishing a Sixth Amendment violation on appeal, IT IS HEREBY ORDERED that defendant's motion for release on bail pending appeal pursuant to Rule 23(b) be, and the same hereby is, DENIED.[4]

DATED: January 23, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[4] Because the court finds that defendant is not entitled to release under Rule 23(b), the court need not address the United States' argument that defendant procedurally defaulted. The court notes that Judge Garcia previously stated that, "[i]n light of United States v. Withers, 638 F.3d 1055 (9th Cir. 2011), it appears defendant could overcome the procedural default." (Mar. 31, 2011 Order at 2 n.1.)

The court also need not address the merits of defendant's claims of ineffective assistance counsel because that claim relates to the governments procedural default argument and is tied to the merits of the alleged Sixth Amendment public trial violation. (See Def.'s Mem. at 16-18 (arguing that he was denied effective assistance of counsel when his trial counsel failed to object to the exclusion of the public from jury selection and his appellate counsel failed to raise the issue on direct appeal).)